John E. **WILLIAMS,** Plaintiff,

v.

**CANDLETREE APARTMENTS, et al.,** Defendants.

No. 4:14–CV–377–A.

United States District Court, N.D. Texas, Fort Worth Division.

Signed Aug. 13, 2014.

John E. Williams, Fort Worth, TX, pro se.

## MEMORANDUM OPINION and ORDER

JOHN McBRYDE, District Judge.

Came on to be considered the above-captioned action where John E. Williams is plaintiff and defendants are Candletree Apartments and La Primavera Apartments. Contemporaneously with the filing of his initial complaint, plaintiff also filed a motion for leave to proceed *in forma pauperis,* which the magistrate judge granted on May 28, 2014.

### I.

*Screening Under 28 U.S.C. § 1915*

Because plaintiff is proceeding *in forma pauperis,* his complaint is subject to *sua*

*sponte* screening under 28 U.S.C. § 1915(e)(2)(B). *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). Section 1915(e)(2)(B) provides for *sua sponte* dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.

A claim is frivolous if it "lacks an arguable basis in either fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks and citations omitted). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

Moreover, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consis-

tent with unlawful conduct are insufficient. *Id.* at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

## II.

### *Plaintiff's Complaint*

The essence of the complaint is that on separate occasions during May 2014, plaintiff attempted to rent an apartment with each defendant, using a voucher provided through the Fort Worth housing authority. However, after plaintiff provided the required information, each defendant contacted plaintiff and informed him that he had not been approved for an apartment due to his criminal background, specifically, his status as a lifetime registered sex offender.

Although it is somewhat difficult to discern the exact contours of the claims and causes of action plaintiff is attempting to assert against the defendants, he appears to allege that defendants are interfering with the ability of the Fort Worth housing authority to operate its voucher program consistent with 42 U.S.C. § 1437f, the United States Housing Act ("Housing Act").[1] Plaintiff also appears to allege claims against defendants pursuant to 42 U.S.C. § 1983, as well as a violation of Title VI of the Civil Rights Act of 1964 ("Title VI").[2]

---

**1.** The United States Housing Act, 42 U.S.C. § 1437 *et seq.*, was enacted to provide safe and affordable housing to low-income families. 42 U.S.C. § 1437(a)(1). Section 1437f, often referred to as "Section 8," is a provision of the Housing Act that sets forth the program

by which subsidies for low-income housing are distributed.

**2.** Although the complaint mentions the First and Thirteenth Amendments, no facts are alleged as would support any such claims.

## III.

### Analysis

#### A. Claims Under 42 U.S.C. § 1983

There appears to be no basis in the complaint for any claim pursuant to § 1983. To state a claim under § 1983 requires plaintiff to allege facts showing that he has been "deprived of a right secured by the Constitution and the laws of the United States," and that the deprivation was caused by a person or persons "acting under color of state law." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir.1999) (internal quotation marks and citation omitted). Private action may be construed as "state action" for purposes of § 1983 only where the conduct in question may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

█ Here, the defendants are private apartment complexes. No facts are alleged in the complaint as that would cause the court to consider that either defendant was a state actor or was engaged in conduct that could in any way be attributed to the state. For example, there is no allegation that any of the owners or employees are state officials, or that any state officials are involved in either defendant's daily operations. *See Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242 (5th Cir.1982) (considering such factors and determining that plaintiffs could not pursue § 1983 claims against private apartment complex). The same result is warranted here. Absent any allegations of state action or that defendants are state actors, plaintiff's § 1983 claim fails.

#### B. Claim Under Title VI

█ Plaintiff's Title VI claim fares no better. Title VI prohibits "any program or activity receiving Federal financial assistance" from discriminating against any person on the basis of "race, color, or national origin." 42 U.S.C. § 2000d. Plaintiff alleged that each defendant refused to accept his housing voucher or lease him an apartment because of his status as a lifetime registered sex offender. Plaintiff did not allege that he was refused an apartment on the basis of his race, color, or national origin, or any other basis. Hence, without regard to whether either defendant receives any federal financial assistance, absent any allegation of discriminatory action based on one of the enumerated categories, plaintiff has failed to state a claim under Title VI.

#### C. Claims Under the Housing Act

█ It is unclear if plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1437f either on his own behalf or on behalf of the Fort Worth housing authority. Section 1437f, or "Section 8," sets forth the program by which subsidies for low-income housing are distributed. The purpose of the Section 8 program is to assist low-income families in obtaining decent housing and "promoting economically mixed housing." 42 U.S.C. § 1437f(a). The program is administered, monitored, and enforced by the United States Department of Housing and Urban Development. Hence, whatever claims may be available under § 1437f, plaintiff is unable to assert them on behalf of the Fort Worth housing authority, if that is his intent.

As to any individual claim, many courts have found that no private right of action exists under § 1437f. *See, e.g., Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 611 (5th Cir.2001) (finding no private right of action for § 1437f claims of unsuitable housing quality standards); *Hill v. Grp. Three Hous. Dev. Corp.*, 799 F.2d 385, 394–95 (8th Cir.1986); *Perry v. Hous. Auth. of the City of Charleston*, 664 F.2d 1210, 1217

(4th Cir.1981). *But see Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F.Supp.2d 524, 547 (D.Md.2012) (discussing cases holding otherwise).

■ Whether or not any private right of action exists for plaintiff under § 1437f, he is unable to state any claim for relief as to the denial of his application based on his status as a registered sex offender. The statute and regulations expressly authorize and require landlords to consider an applicant's status as a sex offender prior to approving an application under the Housing Act. For example, 42 U.S.C. § 13663[3] requires the owner of "federally assisted housing"[4] to "prohibit admission" to such housing by "any individual who is subject to a lifetime registration requirement under a State sex offender registration program." 42 U.S.C. § 13663.

Further, the regulations pertaining to Section 8 expressly require a property owner to consider a prospective tenant's criminal activity "that is a threat to the health, safety or property of others." 24 C.F.R. § 982.307(a)(3)(iv). Additionally, the regulations provide for a claim of discrimination by a Section 8 applicant on the basis of "race, color, religion, sex, national origin, age, familial status or disability," but make no mention of discrimination on the basis of criminal history or status as a registered sex offender. *Id.* at § 982.304.

The sum of the foregoing is that the Housing Act affords no relief to an applicant, such as plaintiff, who was denied housing based on his status as a registered sex offender. Hence, the refusal to accept plaintiff's housing voucher and lease him an apartment on that basis was not unconstitutional or otherwise unlawful conduct on the part of defendants. Accordingly, plaintiff has failed to state a claim upon which relief may be granted under the Housing Act.

### IV.

### *Order*

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff, John E. Williams, against defendants, Candletree Apartments and La Primavera Apartments, be, and are hereby, dismissed with prejudice.

---

**3.** Sections 13661–13664 of title 42 of the United States Code contain provisions for screening applicants for federally assisted housing.

**4.** The definition of "federally assisted housing" includes the Section 8 voucher program under 42 U.S.C. § 1437f. *See* 42 U.S.C. § 13664(a)(2)(B).